**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **BAYSIDE FIRE PROTECTION, LLC,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**EVEREST INDEMNITY INSURANCE** )<br>**COMPANY.** )<br>)<br>**Defendant.** )<br>) | **Civil Action No.: 8:20-cv-02794** |

## NOTICE OF REMOVAL

Defendant Everest Indemnity Insurance Company ("Everest"), by counsel and pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, states as follows for its Notice of Removal:

1. Bayside Fire Protection, LLC ("Bayside") commenced this civil action for declaratory judgment in the Circuit Court for Calvert County, Maryland on August 21, 2020 by filing a Complaint captioned *Bayside Fire Protection, LLC v. Everest Indemnity Insurance Company*, Case No. C-04-CV-20-000310 (the "Declaratory Judgment Action").

2. Copies of all process, orders, and pleadings filed and/or served in Calvert County Circuit Court in this action, including the Complaint, are attached as Exhibit A. (Everest has included the Circuit Court's civil docket sheet and added page numbers to Exhibit A for ease of reference).

3. Through the Declaratory Judgment Action, Bayside seeks a declaration that Everest owes Bayside a defense and indemnity "for any loss or liability" in a tort action styled *Andrew L. Engel, et al. v. 539 Randolph Street, NW, LLC, et al.*, Civil Action No. 2018 CA 003352 B, which is currently pending in the Superior Court of the District of Columbia (the "D.C. Lawsuit") See

Bayside's Complaint for Declaratory Judgment, Ex. A at EV 010. The Complaint notes that the "D.C. Lawsuit remains active and no trial date has been set." Ex. A at EV 010. (The complaint in the D.C. Lawsuit is included with Exhibit A at EV 013 through 079).

4.  According to Bayside's Complaint for Declaratory Judgment, the D.C. Lawsuit alleges that Bayside negligently installed a fire sprinkler system in a condominium building and seeks "damages in excess of one million dollars from Bayside." Ex. A at EV 007.

5.  Bayside also seeks monetary damages for breach of contract through the Declaratory Judgment Action totaling $75,000. Ex. A at EV 010. These consist of attorney's fees incurred in bringing the Declaratory Judgment Action as well as for attorney's fees incurred by Bayside in its defense of the D.C. Lawsuit. Ex. A at EV 010. Bayside further alleges that it "will continue to incur" attorney's fees both in connection with the Declaratory Judgment Action and the D.C. Lawsuit. Ex. A at EV 010.

6.  Bayside claims it is entitled to relief in the Declaratory Judgment Action under Everest Policy No. 51GL012557-181 issued to Bayside Fire Protection, LLC as Named Insured and effective from July 21, 2018 to July 21, 2019. Ex. A at EV 008. The Policy itself was an exhibit to the complaint in the D.C. Lawsuit and is part of Exhibit A at EV 080 through 157. The General Aggregate Limit of the Policy is $2,000,000 and the Occurrence Limit is $1,000,000. Ex. A at EV 087.

7.  Plaintiff served the Complaint (and accompanying Summons) on Everest's statutory agent, the Insurance Commissioner for the Maryland Insurance Administration, on August 28, 2020. Ex. A at EV 003.

8.  The Maryland Insurance Administration forwarded the Summons and Complaint to Everest on or about September 1, 2020. Ex. A at EV 004.

9. This Notice of Removal is timely filed—within 30 days after Everest's statutory agent was served with the Summons and Complaint (the initial pleading setting forth Plaintiff's claim for relief upon which this action is based).

10. Defendant Everest was at the time of the commencement of this action and is now a corporation organized and existing under the laws of Delaware (incorporated in Delaware) with its principal place of business in New Jersey. Ex A. at EV 007. Therefore, Everest is a citizen of Delaware and New Jersey for purposes of federal diversity jurisdiction. *Mullins v. Beatrice Pocahontas Co.*, 489 F.2d 260, 261 (4th Cir. 1974).

11. Plaintiff Bayside was at the time of the commencement of this action and is now a Limited Liability Company organized under the laws of Maryland with its principal place of business in Maryland. Upon information and belief, none of Bayside's members were at the time of the commencement of this action or are now citizens of Delaware or New Jersey. Ex. B. Therefore, there is complete diversity of citizenship among the parties.

8. Further, for the reasons stated below, the amount in controversy in the Declaratory Judgment Action exceeds $75,000.

9. 28 USCS § 1446(c)(2) provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
>   (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
>     (i) nonmonetary relief; or
>
>     (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

10. Interpreting this statute, the Fourth Circuit has held that "in actions seeking declaratory…relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Ins. Co.*, 709 F.3d 362 (2013). While a court should not "automatically equate the value" of a party's claims "with the policy limits of coverage," the Fourth Circuit in *Toler v. State Farm Mut. Auto. Ins. Co.*, 25 Fed. Appx. 141, 144 (2001) nevertheless found it appropriate to consider what a plaintiff opposing removal could actually recover under the insurance policies at issue in that case in deciding whether the jurisdictional amount requirement was satisfied.

11. The Fourth Circuit in *Francis* further upheld this Court's conclusion that in actions under the Maryland Uniform Declaratory Judgment Act (such as the instant case) "when Maryland law permits recovery of attorneys' fees, potential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdiction threshold. *Francis*, 709 F.3d 362 at 368 (internal quotations and punctuation omitted).

12. Here, under *Francis*, plaintiff's alleged damages for attorney's fees alone satisfy the amount in controversy threshold. Plaintiff alleges existing damages of $75,000 and admits it will "continue to incur" attorney's fees both in connection with the Declaratory Judgment Action and the D.C. Lawsuit (all of which it seeks to recover through the instant action).

13. What's more, the value of the "object of this litigation," coverage for the D.C. Lawsuit under the Policy, is potentially in excess of $1,000,000. Specifically, a judgment adverse to Everest in the Declaratory Judgment Action could obligate it to pay up to its $1,000,000 limits under the Policy in the event of a judgment against Bayside in the D.C. Lawsuit (no judgment has yet been rendered and the matter has not been set for trial). Everest also faces additional liability in the form of plaintiff's request to recover its attorney's fees in bringing the Declaratory Judgment

Action. Thus, under *Toler*, the amount plaintiff seeks to recover from Everest in the event that it obtains the relief it has requested through the Declaratory Judgment Action is well in excess of $75,000.

13. In light of the foregoing, this action is a civil action over which the Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 and which is removable pursuant to 28 U.S.C. § 1441 in that:

    (a) The matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs; and

    (b) Defendant Everest was and is, both at the time of the commencement of this action and at the time of the filing of this Notice of Removal, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Jersey, and, therefore, a citizen of Delaware and New Jersey;

    (b) Plaintiff Bayside was not at the time of the commencement of this action and is not now, at the time of the filing of this Notice of Removal, a citizen of either Delaware or New Jersey.

14. Everest will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will promptly file a copy of this Notice with the Circuit Court of Calvert County, Maryland.

WHEREFORE, Everest hereby requests that this action be removed from the Circuit Court of Calvert County, Maryland to the United States District Court for the District of Maryland, Southern Division, pursuant to this Notice of Removal, and that the Court assume jurisdiction over this action.

    **Respectfully submitted,**

    **EVEREST INDEMNITY INSURANCE COMPANY**

    By: /s/ Kyle René
           **Counsel**

Kyle René (MD No.: 19093)
Hancock, Daniel & Johnson, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
krene@hancockdaniel.com
Telephone: (804) 967-9604
Facsimile:  (804) 967-9888
*Counsel for Everest Indemnity Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2020, a copy of the foregoing was sent via first class mail, postage pre-paid to the following:

>Frank J. Emig, Esq. (MD No.: 7512010082)
>P.O. Box 15017
>Silver Spring, MD 20914
>Tel: (301) 345-7002
>frankemig@msn.com
>*Counsel for Bayside Fire Protection, LLC*

>/s/ Kyle René
>Kyle René (MD No.: 19093)
>Hancock, Daniel & Johnson, P.C.
>4701 Cox Road, Suite 400
>Glen Allen, Virginia 23060
>krene@hancockdaniel.com
>Telephone: (804) 967-9604
>Facsimile:  (804) 967-9888
>*Counsel for Everest Indemnity Insurance Company*